UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
Eduar Colindres,

                    Petitioner,

          - against -

HERIBERTO TELLEZ, Warden of the
Metropolitan Detention Center; TODD
LYONS, Acting Director of U.S. Immigration
and Customs Enforcement; PAMELA BONDI,
U.S. Attorney General; KRISTI NOEM, U.S.
Secretary of Homeland Security,

                    Respondents.
-------------------------------------------------------x

**ORDER TO SHOW CAUSE**
26-CV-0663 (PKC)

PAMELA K. CHEN, United States District Judge:

Upon review of Petitioner Eduar Colindres' Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), it is hereby ordered that:

1. Respondents shall, by 6:00 p.m. on February 16, 2026, show cause in writing why a writ of habeas corpus should not be issued and why Petitioner should not be immediately released. *See* 28 U.S.C. § 2243. If Respondents contend that Petitioner has been re-detained under a statute other than 8 U.S.C. § 1226(a), their response must state what facts, if any, permit them to mandatorily detain Petitioner pending the appeal of his removal order to the BIA. *See Ortega-Aguirre v. Noem*, No. 4:25-CV-04332, 2025 WL 3684697, at *2 (S.D. Tex. Oct. 10, 2025) ("Because Petitioner's appeal with the BIA remains pending, the 'removal period' under [8 U.S.C.] § 1231, which triggers mandatory detention, has not yet begun."); *Cruz v. Decker*, No. 18-CV-9948 (GBD) (OTW), 2019 WL 7572975, at *1 n.1 (S.D.N.Y. Aug. 27, 2019) ("Because Mr. Cruz's appeal to the BIA is still pending, the removal order is not yet 'administratively final,' meaning that he remains detained under § 1226."), *report and recommendation adopted*, 2019 WL

6318627 (S.D.N.Y. Nov. 26, 2019).  Respondents should also state what facts, if any, distinguish Petitioner's case from that in *Ortega-Aguirre*, in which a petitioner similarly was released on his recognizance, then re-detained while his appeal of a removal order remained pending before the BIA.  *See* 2025 WL 3684697 at \*1–4 (determining that 8 U.S.C. § 1226(a) governed the petitioner's detention, and ordering the petitioner released because he was re-detained without due process).

2. To preserve the Court's jurisdiction pending a ruling on the Petition, Respondents are **restrained from removing Petitioner from the United States** until further order of this Court. *See M.K. v. Joyce*, No. 25-CV-1935 (JMF), 2025 WL 750599, at \*1 (S.D.N.Y. Mar. 10, 2025) (collecting cases ordering same).

3. Furthermore, considering Petitioner's interest in participating in proceedings before this Court and maintaining adequate access to legal counsel, Respondents are **restrained from transferring Petitioner to a facility outside of this District** absent further order of this Court. *See Samb v. Joyce*, No. 25-CV-6374 (DEH) (S.D.N.Y. Aug. 4, 2025) (Dkt. 3) (collecting cases ordering same); 28 U.S.C. § 1651(a) (empowering courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 7, 2026
       Brooklyn, New York

2