UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
EDUAR COLINDRES,

                           Petitioner,                **MEMORANDUM AND ORDER**
                                                                 26-CV-0663 (PKC)
         - against -

HERIBERTO TELLEZ, Warden of the
Metropolitan Detention Center; TODD
LYONS, Acting Director of U.S. Immigration
and Customs Enforcement; PAMELA BONDI,
U.S. Attorney General; and KRISTI NOEM,
U.S. Secretary of Homeland Security,

                          Respondents.
---------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Petitioner Eduar Colindres seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that Respondents, by re-detaining Petitioner after a prior release on recognizance, without notice or any individualized justification, violated his due process rights. (*See generally* Pet., Dkt. 1.)  For the following reasons, the petition is GRANTED, and Respondents are ordered to immediately release Petitioner from custody.

## BACKGROUND

      Petitioner Eduar Colindres is a citizen of Honduras who entered the United States without inspection on October 27, 2018.  (Pet., Dkt. 1, ¶¶ 13–14, 24.)  Shortly thereafter, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") and placed into removal proceedings.  (*Id.* ¶ 15.)  ICE issued a Notice to Appear ordering him to appear before an immigration judge ("IJ"), (Kennedy Decl., Dkt. 8-1, ¶ 4), and he was released from ICE custody on his own recognizance, (*id.* ¶ 5; *see also* Pet., Dkt. 1, ¶ 16).  Petitioner filed an application for asylum.  (Pet., Dkt. 1, ¶ 15.)  On December 4, 2019, Petitioner's application for asylum was denied,

and he was ordered removed from the United States. (*Id.* ¶ 18.) Petitioner appealed his removal order to the Board of Immigration Appeals ("BIA"). (*Id.* ¶ 19.) Petitioner's appeal remains pending. (*Id.* ¶ 21.)

On January 28, 2026, ICE conducted a traffic stop and arrested Petitioner pursuant to a Form I-200 arrest warrant after discovering that he had been ordered removed. (Kennedy Decl., Dkt 8-1, ¶ 10). He has been in detention since that date, and he currently is detained at the Metropolitan Detention Center in Brooklyn, New York. (*Id.* ¶¶ 10–11.) On February 5, 2026, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting, *inter alia*, that he is wrongfully detained under the mandatory detention provisions of 8 U.S.C. § 1231 ("Section 1231") and 8 U.S.C § 1225(b)(2)(A) ("Section 1225(b)"), (*see* Pet., Dkt. 1, ¶¶ 6–8), and that his detention violates his due process rights, (*id.* at 5–6).

On February 7, 2026, the Court issued an Order to Show Cause directing Respondents to show cause, in writing, "what facts, if any, permit them to mandatorily detain Petitioner pending the appeal of his removal order to the BIA." (Dkt. 6, at 1.)

## DISCUSSION

Respondents argue that the Court should reject the Petition because Petitioner is subject to mandatory detention pursuant to Section 1225(b)(2). (Gov't's Resp. O.S.C., Dkt. 8, at 4–5.) However, Respondents acknowledge that this Court's decisions in *Yin v. Maldonado*, No. 26-CV-0103 (PKC), 2026 WL 295389 (E.D.N.Y. Feb. 4, 2026), and *R.A.R.R. v. Almodovar*, No. 25-CV-6597 (PKC), 2026 WL 323040 (E.D.N.Y. Feb. 6, 2026)—both rejecting the same arguments Respondents make here—would control the outcome here if "the Court adheres [to] its conclusions in those cases." (*Id.* at 4.)[1]

---

[1] Again, the Court appreciates Respondents' brevity as part of its desire to "conserve judicial and party resources." (Gov't's Resp. O.S.C., Dkt. 8, at 1.) Nonetheless, Respondents'

2

## I. Petitioner Was Wrongly Detained Under 28 U.S.C. § 1225(b).

The Court adheres to its reasoning in *R.A.R.R.* and *Yin* to conclude that 28 U.S.C. § 1226(a) ("Section 1226(a)"), not Section 1225(b)(2)(A), governs Petitioner's detention. Section 1225(b)(2)(A) provides that an alien who is "an applicant for admission" "shall be detained" "if the examining immigration officer determines that [the applicant] is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). As this Court in *R.A.R.R.* and the vast majority of district courts in cases addressing the same question have held, a non-citizen who is already in the country pending the outcome of removal proceedings is not "seeking admission," and therefore is not subject to Section 1225(b)(2)(A)'s mandatory detention. *See R.A.R.R.*, 2026 WL 323040, at *3–5; *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), --- F. Supp. 3d ----, 2025 WL 3295903, at *5–10 (S.D.N.Y. Nov. 26, 2025) (similarly deriving this conclusion from the "text, structure, and history" of Sections 1225 and 1226); *see also id.* at *13–14 (compiling cases). Because Petitioner arrived in October 2018, and was released on his own recognizance, he was not "seeking admission" when ICE arrested and detained him in January 2026, and therefore is not subject to mandatory detention. (*See* Pet., Dkt. 1, ¶¶ 14–16; Kennedy Decl., Dkt. 8-1, ¶¶ 4–5, 10–11); *Barco Mercado*, 2025 WL 3295903, at *5; *Rivera Esperanza v. Francis*, No. 25-CV-8727 (RA), --- F. Supp. 3d ----, 2025 WL 3513983, at *4–6 (S.D.N.Y. Dec. 8, 2025) (compiling cases).

---

decision to continue making these arrests pursuant to an assertion of authority that has been almost universally rejected by district courts in this Circuit—rather than waiting for the Second Circuit to weigh in on the relevant legal questions—has exacted an unnecessary and avoidable toll on the resources of the judiciary and the government itself. *Compare* (Kennedy Decl., Dkt 8-1, ¶ 10 (describing Petitioner's arrest and detention in January 2026)), *with Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), --- F. Supp. 3d ----, 2025 WL 3295903, at *13–14 (S.D.N.Y. Nov. 26, 2025) (documenting overwhelming rejection of Respondents' argument in this Circuit, beginning in the summer of 2025).

The Court also finds that Petitioner could not have been detained under Section 1231.[2] Section 1231, similar to Section 1225(b), outlines circumstances where mandatory detention may occur. "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This 90-day period is called the "removal period." *Id.* During the "removal period," "the Attorney General *shall* detain the alien." *Id.* § 1231(a)(2)(A) (emphasis added). The removal period only begins at the *latest* of:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). A removal order becomes "administratively final" after the BIA has rendered a decision on an appeal of the order. *Godfrey v. Ball*, No. 23-7104, 2024 WL 4471571, at *2 (2d Cir. Oct. 11, 2024) (summary order) ("Once the BIA affirms an [IJ] decision ordering removal and resolving all applications for relief from removal, an order of removal becomes administratively final." (citing *Johnson v. Guzman Chavez*, 594 U.S. 523, 528, 534–35 (2021))). Petitioner's appeal of his removal order is still pending before the BIA. (Pet., Dkt. 1, ¶ 21; Kennedy Decl., Dkt. 8-1, ¶ 12.) Thus, he could not have been mandatorily detained under Section 1231 on January 28, 2026, either. *See Ortega-Aguirre v. Noem*, No. 4:25-CV-4332 (AHB), 2025 WL 3684697, at *2 (S.D. Tex. Oct. 10, 2025) ("Because Petitioner's appeal with the BIA remains pending, the 'removal period' under [8 U.S.C.] § 1231, which triggers mandatory detention, has not yet begun.").

---

[2] The Court had also directed the Respondents to "state what facts, if any, distinguish Petitioner's case from [another case] in which a petitioner similarly was released on his recognizance, then re-detained [pursuant to Section 1231] while his appeal of a removal order remained pending before the BIA." (O.S.C., Dkt. 6, at 2.) Respondents have not done so. (*See generally* Gov't's Resp. O.S.C., Dkt. 8.)

Rather, Petitioner's detention is governed by Section 1226(a). *See Cruz v. Decker*, No. 18-CV-9948 (GBD) (OTW), 2019 WL 7572975, at *1 n.1 (S.D.N.Y. Aug. 27, 2019) ("Because Mr. Cruz's appeal to the BIA is still pending, the removal order is not yet 'administratively final,' meaning that he remains detained under [8 U.S.C.] § 1226."), *report and recommendation adopted*, ]2019 WL 6318627 (S.D.N.Y. Nov. 26, 2019); *see also Yin*, 2026 WL 295389, at *2 (finding Section 1226(a) governed detention of an individual who was released on his own recognizance). "As the Supreme Court has explained, while 'U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2),' '[i]t also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c).'" *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (alteration and emphasis in original) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018)). Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." However, detention under Section 1226(a) is discretionary; immigration authorities "may release" the non-citizen on bond. 8 U.S.C. § 1226(a)(2). Re-detention under Section 1226(a) requires an immigration officer to exercise discretion to revoke prior release. *See* 8 C.F.R. §§ 236.1(c)(8)–(9); 1236.1(c)(8)–(9).

Here, Respondents effectively admit that they did *not exercise discretion to re-detain Petitioner*; rather, they detained Petitioner under the belief that his detention was mandatory pursuant to Section 1225(b)(2)(A). (Gov't's Resp. O.S.C., Dkt. 8, at 2, 4.) Because Respondents detained Petitioner pursuant to the wrong statute, Petitioner's due process rights were violated. *See R.A.R.R.*, 2026 WL 323040, at *4–5 (applying balancing test of *Mathews v. Eldridge*, 424 U.S. 319 (1976), and concluding that the re-detention of the petitioner under Section 1226(a) violated

his procedural due process rights where Respondents erroneously treated the petitioner as subject to mandatory detention under Section 1225(b)); *Barco Mercado*, 2025 WL 3295903, at *12 ("Mr. Barco's redetention pursuant to the wrong statute violated due process."); *M.K. v. Arteta*, No. 25-CV-9918 (LAK), 2025 WL 3720779, at *8–9 (S.D.N.Y. Dec. 23, 2025) ("Having determined that [Section 1225(b)(1)] is inapplicable to [an individual living in the United States for over two years], the Court concludes that [the individual's] detention pursuant to the wrong statute is unlawful."); *Yao v. Almodovar*, No. 25-CV-9982 (PAE), 2025 WL 3653433, at *11 (S.D.N.Y. Dec. 17, 2025) (concluding that "ICE's discretion-free detention of [petitioner] abridged his rights under [Section] 1226 and violated due process," and compiling cases reaching the same solution); *Lieogo v. Freden*, No. 6:25-CV-6615 (EAW), 2025 WL 3290694, at *4–6 (W.D.N.Y. Nov. 26, 2025) (similar).

Given that Petitioner was not afforded due process prior to his re-detention, the appropriate remedy is release, not an order directing Respondents to give Petitioner a bond hearing. *See Yao*, 2025 WL 3653433, at *11 ("A bond hearing after the fact, by definition, would not and cannot cure [the] constitutional violation. Although [the petitioner's] release today cannot cure his loss of liberty . . . , this remedy, relative to the procedural one of ordering a bond hearing, is the one that comes closest to doing so."); *id.* at *12 (compiling cases holding the same); *Y-C- v. Genalo*, No. 25-CV-6558 (NCM), 2025 WL 3653496, at *7 (E.D.N.Y. Dec. 17, 2025) (concluding that "no relief short of petitioner's immediate release would be appropriate or sufficient" in this case in light of the constitutional violations suffered). Accordingly, the Court grants Petitioner a writ of habeas corpus and orders Petitioner's release from custody.

## CONCLUSION

The Court grants the petition for writ of habeas corpus, (Pet., Dkt. 1). Respondents are directed to release Petitioner from custody immediately and no later than within 24 hours of this

Order.  Respondents are further directed to return to Petitioner any and all funds or property seized from Petitioner at the time of his arrest.  Respondents are directed to certify compliance with the Court's Order by filing a letter on the docket no later than 6:00 p.m. tomorrow, February 24, 2026.  The Court further orders that Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments), without prior notice to and authorization from the Court, or absent a new and independently lawful custody decision properly executed under the law.  Petitioner must not be re-detained by Respondents without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, at which Respondents will have the burden of showing that Petitioner's re-detention is authorized under Section 1226(a).  Petitioner's deadline to apply for fees under the Equal Access to Justice Act is due within 30 days of a final judgment in this action, which, if Respondents do not appeal, is May 25, 2026.  28 U.S.C. § 2412 (d)(1)(B).  The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 23, 2026
       Brooklyn, New York